UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

___

ANTONIO SALGADO, JR. a/k/a
Abdul Ali Karim-Rashid, 09-A-1863,

        Plaintiff,

        -v-

THE NEW YORK STATE DEPT. OF CORR.
& COMMUNITY SUPERVISION, et al.,

        Defendants.

DECISION AND ORDER
13-CV-1108A



___

    Plaintiff Antonio Salgado, a prisoner confined at Five Points Correctional Facility, seeks to bring this civil action *in forma pauperis*, without prepayment of fees or security, asserting claims pursuant to 42 U.S.C. § 1983.

    Civil actions brought *in forma pauperis* are governed by 28 U.S.C. § 1915. The Prison Litigation Reform Act of 1995, Pub. L. No. 104-135, 110 Stat. 1321 (April 26, 1996) (the "PLRA"), which amends 28 U.S.C. § 1915, establishes certain financial requirements for prisoners who are attempting to bring a civil action or file an appeal *in forma pauperis*.

    Under the PLRA, a prisoner seeking to bring a civil action *in forma pauperis* must submit an affidavit or affirmation, including a statement of all assets and liabilities, which states that the prisoner is unable to pay the fee. 28 U.S.C. § 1915(a)(1). The prisoner also must submit a certified copy of his inmate trust fund account statement(s) for the six-month period immediately preceding the filing of his complaint. 28 U.S.C. § 1915(a)(2). The prisoner must obtain this certified statement from the appropriate official of each correctional facility at which he was or is confined during such

six-month period. The Court, rather than require a prisoner to obtain a certified copy of his inmate trust fund account statement, permits a prisoner to have prison officials complete and sign a Prison Certification, which is included within the Court's form motion to proceed *in forma pauperis*. The Prison Certification requires prison officials to set forth the information noted in the inmate trust fund account statement as required pursuant to 28 U.S.C. § 1915(a)(2).

Even if the prisoner is granted *in forma pauperis* status, the prisoner must pay the full amount of the $350.00 filing fee in installments. 28 U.S.C. § 1915(b)(1). In each month that the amount in the prisoner's account exceeds $10.00, until the $350.00 filing fee is paid, the agency having custody of the prisoner shall assess, deduct from the prisoner's account, and forward to the Clerk of the Court an installment payment equal to 20% of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2).

Plaintiff may not have known when he submitted his complaint that he must pay the filing fee, and that even if the full filing fee, or any part of it, has been paid, the Court must dismiss the case if it finds that the action: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B) (*in forma pauperis* actions). *See also* 28 U.S.C. § 1915A (dismissal of actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (dismissal of prisoner actions brought with respect to prison conditions). If the Court dismisses the case for any of these reasons, the PLRA does not suspend installment payments of the filing fee or permit the prisoner to get back the filing fee, or any part of it, that has already been paid.

If the prisoner has, on three or more prior occasions while incarcerated, brought in federal court an action or appeal that was dismissed on the grounds that it was frivolous or malicious, or that

it failed to state a claim upon which relief may be granted, he cannot bring another action *in forma pauperis* unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

In this action, Plaintiff has failed to submit an *in forma pauperis* application that includes a completed and signed Prison Certification. 28 U.S.C. § 1915(a)(1)-(2); *see, e.g., Tyson v. Youth Ventures, L.L.C.*, 42 Fed. App'x 221 (10th Cir. 2002); *Johnson v. United States*, 79 Fed. Cl. 769 (2007).

## CONCLUSION

For the reasons set forth above, plaintiff's application for leave to proceed *in forma pauperis* will be denied without prejudice, and the Clerk of the Court will be ordered to administratively terminate this action, without filing the complaint or assessing a filing fee. Plaintiff will be granted leave to move to re-open no later than **December 30, 2013**.[1]

## ORDER

IT IS HEREBY ORDERED that Plaintiff's application to proceed *in forma pauperis* is hereby DENIED, without prejudice;

FURTHER, that the Clerk of the Court is directed to send to plaintiff a new form motion to proceed *in forma pauperis*;

FURTHER, that the Clerk of the Court shall administratively terminate this case, without filing the Complaint or assessing a filing fee;

---

[1] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is reopened pursuant to the terms of this Order, it is not subject to the statute of limitations time bar if it was originally filed timely. *See Houston v. Lack*, 487 U.S. 266 (1988) (prisoner mailbox rule); *McDowell v. Delaware State Police*, 88 F.3d 188, 191 (3d Cir. 1996); *see also Williams-Guice v. Board of Education*, 45 F.3d 161, 163 (7th Cir. 1995).

FURTHER, that if plaintiff wishes to reopen this action, he shall so notify the Court, in writing, no later than **December 30, 2013**; Plaintiff's writing shall include either (1) a new motion to proceed *in forma pauperis* that includes a completed and signed Prison Certification, or (2) the $350.00 filing fee and $50.00 administrative fee ($400.00 total fees);

FURTHER, that upon plaintiff's submission of either (1) a new motion to proceed *in forma pauperis* that includes a completed and signed Prison Certification, or (2) the $350.00 filing fee and $50.00 administrative fee ($400.00 total fees), the Clerk of the Court shall re-open this case.

SO ORDERED.

Dated: December 2, 2013
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge