UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ANTONIO SALGADO, JR.,                    13-CV-1108-RJA-MJR

        Plaintiff,                    DECISION AND ORDER

v.

NYS DEPARTMENT OF CORRECTIONS
AND COMMUNITY SUPERVISION, et al.,

        Defendants.
_____

      This case has been referred to the undersigned by the Honorable Richard J. Arcara for all pre-trial matters, including the hearing and disposition of non-dispositive motions. Before the Court are plaintiff Antonio Salgado Jr.'s motions to appoint counsel. (Dkt. Nos. 60 and 61). For the following reasons, the motions are denied without prejudice.

      Plaintiff, an inmate in the care and custody of the New York State Department of Corrections and Community Supervision ("DOCCS") at the time of the events relevant to this lawsuit, filed the instant *pro se* action pursuant to Section 1983 of Title 42 of the United States Code. (Dkt. No. 1). His request to proceed *in forma pauperis* was granted on May 1, 2014. Plaintiff initially sued DOCCS, the Office of Mental Health ("OMH") and thirty-six individuals employed by either DOCCS or OMH. DOCCS and OMH were *sua sponte* dismissed from the case on the basis of Eleventh Amendment immunity. (Dkt. No. 7). On October 23, 2014, twenty-two of the remaining named defendants filed a partial motion to dismiss. (Dkt. No. 21). Plaintiff then submitted a proposed amended complaint which added two defendants and removed three. (Dkt. No. 31). On May 5,

2015, nineteen of the remaining defendants filed another partial motion to dismiss the complaint. (Dkt. No. 33). Both motions to dismiss raised essentially the same arguments.

On September 15, 2016, this Court issued a Report, Recommendation and Order accepting the proposed amended complaint (Dkt. No. 31), granting in part and denying in part the motion to dismiss, and giving plaintiff permission to re-plead some of the dismissed claims. (Dkt. No. 41). Plaintiff filed a second amended complaint on that same day. (Dkt. No. 42). This Court's Report and Recommendation was adopted in full by the District Court on October 27, 2016, and the case was referred back to this Court for further proceedings. (Dkt. No. 44). Defendants filed an answer to the second amended complaint on January 31, 2017. (Dkt. No. 53).

On February 15, 2017, the Court conducted a preliminary pretrial conference in this matter. Counsel for defendants appeared in person and plaintiff appeared via telephone conference. At that time, plaintiff informed the Court that he was having difficulties receiving all of his paperwork because he had not yet arrived at his permanent facility. It was then agreed to by all parties that the case would be held in abeyance until plaintiff arrived at his permanent facility. The Court instructed plaintiff to advise the Court when this occurred and to supply his permanent address. On May 22, 2017, the Court received a letter from plaintiff advising that he had arrived at his permanent facility in Beaumont, Texas. (Dkt. No. 55). A preliminary pretrial conference was then scheduled for August 8, 2017. (Dkt. No. 57). However, the conference was not held on that date because the Court was unable to reach plaintiff via telephone at Beaumont U.S. Penitentiary. (Dkt. No. 58). The Court then entered a Case Management Order ("CMO")

setting forth a number of deadlines, including a deadline of September 22, 2017 for the exchange of initial disclosures. (Dkt. No. 59). A copy of the CMO was mailed to plaintiff.

Since that time, plaintiff has filed two motions requesting appointment of counsel. (Dkt. No. 60 and 61). Plaintiff's reasons for requesting counsel include: (1) that he suffers from mental and physical health issues, including glaucoma which makes it difficult for him to read; (2) that his facility is constantly on lock-down and as a result he has not had access to the law library and his property, including legal work, has been confiscated; (3) he is indigent and lacks the funds for basic supplies such as copy paper, pens, etc.; (4) the issues in the case are complex; (5) he wants the case "to be made a class-action"; and (6) that he lacks the ability to understand court orders and requirements, including the CMO and initial disclosures. *Id.* Plaintiff also indicates that he has contacted a number of legal aid organizations for representation but has been unsuccessful in securing counsel. *Id.* Plaintiff further requests that in the event counsel is not appointed, the Court grant him a stay until his release date in nine months. *Id.* at 61.

There is no constitutional right to the appointment of counsel in civil cases. However, pursuant to 28 U.S.C. §1915(e)(1), the Court may appoint counsel to assist indigent litigants. *See e.g., Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988). The decision to appoint counsel lies clearly within the Court's discretion. *In re Martin-Trigona*, 737 F.2d 1254, 1260 (2d Cir. 1984). Indeed, the Court must consider the issue of appointment carefully, for "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989).

The factors a Court is to consider in deciding whether to appoint counsel include: (1) whether the indigent's claims seem likely to be of substance; (2) whether the indigent is able to investigate the crucial facts concerning his or her claims; (3) whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact-finder; (4) the indigent's ability to present the case; (5) whether the legal issues involved are complex; and (6) whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination. *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986). *See also Cooper*, 877 F.2d 172 (appointment of counsel is not necessary for "every case that survives a motion to dismiss"). The Court must first consider the likelihood of merit of the dispute, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the indigent's claim are thin and his chances of prevailing are therefore poor." *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001).

In light of these factors, the appointment of counsel is not warranted at this time. Most significantly, the case is in its earliest stages—initial disclosures have not been exchanged—and thus the Court cannot yet ascertain the merits of the dispute or whether plaintiff's claims are likely to be of substance. While plaintiff maintains that his physical and mental health issues make it difficult for him to proceed or present his case, the Court notes that plaintiff has drafted a complaint which, in substantial part, survived a motion to dismiss and has written a number of letters which cogently explain his circumstances and arguments to the Court. Plaintiff indicates that the legal issues are complex, however they are not atypical of lawsuits involving allegations of the civil rights violations by an

4

incarcerated, *pro se* plaintiff.  Plaintiff's other concerns, including the fact that his facility is often on lock down, the condition and accessibility of the law library, and the limitations he faces because he is indigent, are common to many incarcerated litigants.  While the Court recognizes that an incarcerated, *pro se* litigant may encounter more difficulties in pursuing his or her case than a *pro se* litigant who is not incarcerated, this, in itself, is not a valid reason for the appointment of counsel.  If it were, every inmate involved in a civil lawsuit would be entitled to the appointment of counsel.

It is noted that the Court's decision herein does not preclude the appointment of counsel later in this lawsuit, if warranted after the Court has a better understanding of the details of plaintiff's claims and the relevant facts and defenses.  In addition, the Court will send plaintiff, together with a copy of this Decision and Order, a copy of the Pro Se Litigation Guidelines to help him better understand the CMO, initial disclosures, and other Court rules and requirements.  Finally, a status conference will be held on October 4, 2017 at 10:30 a.m., in order to address plaintiff's request for a stay of this lawsuit until his release date.  At that time, the Court will extend, as appropriate, the dates set forth in the Case Management Order, including the date for initial disclosures.

For these reasons, plaintiff's motions to appoint counsel [Dkt. Nos. 60 and 61] are denied without prejudice to plaintiff's ability to re-apply for the appointment of counsel at a later date or the Court's ability to *sua sponte* re-examine this issue should circumstances change.  The Clerk of the Court is instructed to mail plaintiff a copy of the Pro Se Litigation Guidelines.  A status conference before this Court is scheduled for Wednesday, October 4, 2017 at 10:30 a.m.  The Attorney General is to contact the plaintiff's correctional facility and arrange for plaintiff to have access to a telephone and

plaintiff's legal papers at that time.  The Attorney General is to contact the Court prior to the conference with the telephone number and extension of the plaintiff.  The Court will initiate the call.

**SO ORDERED.**

Dated:  September 18, 2017
         Buffalo, New York

*/s/ Michael J. Roemer*
MICHAEL J. ROEMER
United States Magistrate Judge