UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ANTONIO SALGADO, JR.                    13-CV-01108-RJA-MJR

        Plaintiff,                    DECISION AND
                                        ORDER
  v.

NYS DEPARTMENT OF CORRECTIONS
AND COMMUNITY SUPERVISION, *et al.*,

        Defendants.
_____

## INTRODUCTION

This case has been referred to the undersigned pursuant to Section 636(b)(1) of Title 28 of the United States Code, by the Honorable Richard J. Arcara, for all pre-trial matters, including the hearing and disposition of non-dispositive motions. Before the Court is defendants' motion for severance of claims and transfer of venue. (Dkt. No. 62). For the following reasons, defendants' motion for severance and transfer is granted.

## RELEVANT FACTS AND BACKGROUND

Plaintiff Antonio Salgado, Jr. ("plaintiff"), an inmate in the care and custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), filed the instant *pro se* action pursuant to Section 1983 of Title 42 of the United States Code. (Dkt. No. 1) Plaintiff initially sued DOCCS, the Office of Mental Health ("OMH") and thirty-six individual defendants employed by either DOCCS or OMH. (*Id.*) DOCCS and OMH were *sua sponte* dismissed from the case on the basis of Eleventh Amendment immunity. (Dkt. No. 7). Twenty-two of the remaining individual defendants filed a motion to dismiss. (Dkt. No. 21). Plaintiff then submitted a proposed amended complaint which added two

defendants and removed three. (Dkt. No. 31). Nineteen of the remaining defendants filed another partial motion to dismiss, which essentially raised the same arguments as the first motion to dismiss. (Dkt. No. 33). The Court accepted plaintiff's proposed amended complaint, and granted in part and denied in part defendants' motion to dismiss. (Dkt. Nos. 41 and 44).

Plaintiff's surviving allegations include claims of excessive force, retaliation, religious discrimination and deliberate indifference to medical needs by various defendants during the time periods plaintiff was incarcerated at Five Points Correctional Facility ("Five Points"), Great Meadow Correctional Facility ("Great Meadow"), and Clinton Correctional Facility ("Clinton").[1]  Five Points, located in Seneca County, is within the Western District of New York. Great Meadow, located in Washington County, and Clinton, located in Clinton County, are both within the Northern District of New York.

Plaintiff alleges that while incarcerated at Five Points in or around August of 2011, defendant Luther harassed and threatened him based upon his religious beliefs, that he was subjected to excessive force and retaliation by defendants Luther, Kifner, Casper, Geffert and Morton and that defendant Terry failed to intervene or stop the constitutional violations.[2] (Dkt. No. 42, pgs. 20-24). Plaintiff was later transferred to Great Meadow. (*Id.* at pg. 25). Plaintiff alleges that while incarcerated at Great Meadow, defendant Goodman discriminated against him on the basis of his religion by denying him use of

---

[1] The Court's ruling on the motion to dismiss permitted plaintiff to replead some of the dismissed claims. Plaintiff did not replead, and the present claims and defendants before the Court include those in the amended complaint (Dkt. No. 31 and 42), less those dismissed in the Court's prior ruling. (Dkt. Nos. 41 and 44).

[2] It is noted that the Court dismissed plaintiff's retaliation claim premised on Kifner's alleged slamming of plaintiff's finger in a cell window. (Dkt. No. 41, pgs. 18-21). However, plaintiff's claims of retaliation based on the August 30, 2011 assault and his claims of excessive force and religious discrimination as to the Great Meadow defendants remain pending. (*Id.*).

religious items and that defendants Goodman, Gleason, Sloan, Ives, Washer, Jackson, Quinn, and Mrs. Brown were deliberately indifferent to his medical needs, specifically his mental health problems and threats of suicide.[3]  (*Id.* at pgs. 24-29).  Plaintiff alleges that he was transferred to Clinton in September of 2012 and from that time through September of 2013, defendants Gilani, Lee, Bombardier, Bergren, Waldron, Lancto, Lavalley, Lucia, S. Brown and Bosco were deliberately indifferent to his mental health issues and threats of suicide.[4]  (*Id.* at pgs. 28-32).

Defendants now seek to sever plaintiff's claims against Luther, Kifner, Casper, Geffert, Morton and Terry (the "Five Points defendants") from his claims against defendants Goodman, Gleason, Sloan, Ives, Washer, Jackson, Quinn, and Mrs. Brown (the "Great Meadow defendants") and against defendants Gilani, Lee, Bombardier, Bergren, Waldron, Lancto, Lavalley, Lucia, S. Brown and Bosco (the "Clinton defendants").  Defendants further move to transfer the claims against the Great Meadow and Clinton defendants to the Northern District of New York.[5]

## DISCUSSION

*Dispositive Jurisdiction*

Section 636 of Title 28 of the United States Code provides a list of dispositive pretrial matters which may be referred to a magistrate judge for purposes of issuing a report and recommendation for consideration by the District Court.  *See* 28 U.S.C. §636(b)(1).  Motions for severance and motions for changes of venue are not listed

---

[3] Plaintiff does not provide a time period as to the allegations arising from his incarceration at Great Meadow.
[4] Defendants Fischer, VanBuren, Koenigsman, Boll, Lempke, Schlee, Racette, Colvin, Piccolo, Hogan, Gonzalez, Roberts, Prack and Dill have been dismissed from the lawsuit.  (Dkt. Nos. 41 and 44).
[5] Upon filing of the instant motion for severance and transfer, the Court issued a briefing schedule which was mailed to plaintiff.  Plaintiff has not filed a response to the motion.

among the types of relief in Section 636(b) that are expressly dispositive. *Id.* Moreover, courts, including courts within this Circuit, have differed as to whether a motion to change venue is dispositive or non-dispositive in nature. *Compare Cott v. Decas Botanical Synergies*, LLC, 11 CV 552, 2011 U.S. Dist. LEXIS 156223, *12 (WDNY Dec, 23, 2011) (if granted, motion to transfer venue is dispositive as to this court); *and Payton v. Saginaw Country Jail*, 743 F. Supp. 2d 691, 693 (E.D. Mich. 2010) (motion to transfer venue between divisions within the district court was a case dispositive matter); *with Gendreau v. Kigawa*, 13 CV 3217, 2014 U.S. Dist. LEXIS 165433, *2 (SDNY Nov. 14, 2014) (noting that a motion to transfer is non-dispositive); *and Plastic Suppliers, Inc., v. Cenveo, Inc.*, 3:10 CV 0512, 2011 U.S. Dist. LEXIS 5186, *6-7 (NDNY Jan. 19, 2011) ("venue transfer is regarded as a non-dispositive matter"); *and Madison v. Alves*, 05 CV 6018, 2006 U.S. Dist. LEXIS 49620, *5 (WDNY July 19, 2006) (treating request for change of venue as a non-dispositive motion). However, the majority of recent district court opinions in the Second Circuit conclude that motions for a change of venue are non-dispositive and therefore "within the pretrial reference authority of magistrate judges." *Skolnick v. Wainer*, CV 2013-4694, 2013 U.S. Dist. LEXIS 135139, *2-3 (EDNY Sept. 220, 2013). *See e.g., Alessandra v. Colvin*, 12 CV 397, 2013 U.S. Dist. LEXIS 111975, *4 (WDNY Aug. 8, 2013) ("A motion for change of venue is a non-dispositive pretrial matter which this Court may decide pursuant to [Section 636(b)(1)(A)] by Order."); *D'Amato v. ECHL, Inc.*, 13 CV 646, 2015 U.S. Dist. LEXIS 59954, *7, 8 (WDNY May 7, 2015) (explaining that the "Court will adhere to its more recent practice and consider the motion to change venue as non-dispositive [because it] does not end federal jurisdiction); *United States ex rel Fisher v. Bank of America*, 204 F. Supp. 3d 618, 629 (SDNY 2016) ("Because a motion to transfer

venue is non-dispositive, this Court [will] adjudicate it by order pursuant to 28 U.S.C. § 636(b)(1)(A)."); *Kasparov v. Ambit Tex., LLC*, 12-CV-3488, 2016 U.S. Dist. LEXIS 31637, *9-10 (EDNY March 10, 2016) ("The majority view within this circuit is that a magistrate judge has the authority to grant the non-dispositive relief sought in a motion to transfer venue.").

In *Reid v. Nuttall*, Judge Schroeder issued a report recommending that the District Court sever a number of plaintiff's claims arising from his incarceration at Auburn and Gouverneur Correctional Facilities and transfer venue to the Northern District of New York. 08 CV 870, 2010 U.S. Dist. LEXIS 50102, *32-33 (WDNY Mar. 11, 2011). However, in that case, the recommendation for severance and transfer was made *sua sponte*, and issued together with a recommendation as to defendants' motion to dismiss. *Id*. In contrast, in *Romano v. Levitt*, Judge Scott addressed a motion for severance and transfer in the form of an order. 15 CV 518, 2017 U.S. Dist. LEXIS 6948 (WDNY 2017). *Romano*, like the instant matter and unlike *Reid*, involved an independent motion to sever and change venue by defendants as to certain claims by a *pro se* plaintiff arising from his incarceration at various correctional facilities. *Id*. In concluding that the motion was non-dispositive, Judge Scott explained that "upon grant of the motion to sever [and transfer], one set of claims and defendants would merely be heard separately [and in another district] from another". *See also Bernier v. Koenigsmann*, 15 CV 209, 2017 U.S. Dist. LEXIS 21563, *4 (WDNY Feb. 15, 2017) (treating prison employees' motion to sever and transfer plaintiff's claims to the Northern District of New York, where they worked and where the events giving rise to the lawsuit occurred, as non-dispositive). The Court agrees with Judge Scott's reasoning in *Romano.* The instant motion for severance of

5

claims against certain defendants and transfer of those claims to the Northern District of New York is not dispositive because it will not prelude or end any of plaintiff's federal claims. Instead, some of his claims will now proceed separately and in a different forum. Thus, the Court grants defendants' motion for severance and transfer in the form of an order.

### *Severance*

Rule 20 of the Federal Rules of Civil Procedure provides that persons may be joined in one action as defendants if: "[a]ny right to relief is asserted against them jointly, severally or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; *and*…any question of law or fact common to all defendants will arise in the action." *See* Fed. R. Civ. P. 20(a)(2) (emphasis added). The Federal Rules of Civil Procedure further provide that misjoinder of claims is not grounds for dismissing an action and that a court "may at any time, on just terms, add or drop a party [or] sever any claim against a party." *See* Fed. R. Civ. P. 21. Courts have broad discretion to sever a party or a claim from a pending action. *German v. Federal Home Loan Mortgage Corp.*, 896 F. Supp. 1385, 1400 (SDNY 1995). In determining whether severance is appropriate, courts typically consider: "(1) whether the issues sought to be tried separately are significantly different from one another, (2) whether the separable issues require the testimony of different witnesses and different documentary proof, (3) whether the party opposing the severance will be prejudiced if it is granted and (4) whether the party requesting the severance will be prejudiced if it is not granted." *Id*.

The Court finds that it is appropriate to sever plaintiff's claims against the Five Points defendants, which arose in the Western District of New, from his claims against

the Great Meadow and Clinton defendants, which arose in the Northern District of New York. Plaintiff's claims of religious discrimination, excessive force and retaliation at Five Points involve wholly different facts and circumstances than plaintiff's claims of religious discrimination and deliberate indifference to medical needs at Great Meadow and Clinton. They involve different defendants, locations and time periods as well as separate allegations of wrongdoing. They would entail different witnesses and evidence. At trial, the allegations of excessive force and retaliation at Five Points would require different elements of proof from the allegations of deliberate indifference to medical needs at Great Meadow and Clinton. Although plaintiff alleges that he was subject to religious discrimination at both Five Points and Great Meadow, the allegations involve conduct by different defendants at different correctional facilities over different time periods. The witnesses and documentary proof would change with respect to each facility, each claim and each defendant. In *Reid*, Judge Schroeder found that a prisoner's claims arising from incidents at two prisons in the Northern District of New York should be severed from his claims arising from incidents at a prison located in this District. 2010 U.S. Dist. LEXIS 50102, *29. Although the claims all alleged either retaliation or conditions of confinement, "the allegations involve[d] different defendants at different correctional facilities…[and] the witnesses and documentary proof [would] be different as to each claim and against each defendant." *Id*. *See also Romano*, 2017 U.S. Dist. LEXIS 6948, *13, 14 (severing plaintiff's claims against defendant employees of Auburn Correctional Facility from his claims against defendant employees of Wende Correctional Facility because "the claims against the Auburn [Correctional Facility] defendants differ in time and place…from those against the Wende defendants; hence there are no common questions of fact."); *James*

*v. Osbourne*, 11 CV 4182, 2012 U.S. Dist. LEXIS 147646, *14 (EDNY April 16, 2012) (where plaintiff "organized the claims in his Complaint by [correctional] facility and, for the most part, the incidents alleged to have occurred at these three facilities appear discrete," severance of the claims based upon where they occurred was appropriate).

Plaintiff has not filed a response in opposition to the motion and therefore has not claimed that he would suffer prejudice in the event of a severance. Nevertheless, the Court finds that a severance will not prejudice plaintiff here. Plaintiff may still pursue his federal claims against the Great Meadow and Clinton defendants. In fact, plaintiff's claims may all proceed more expeditiously as they move forward simultaneously as separate actions. The separate actions will now entail fewer claims, defendants, and less discovery. In addition, severance will ensure that no prejudice inures to defendants. Indeed, evidence of multiple constitutional claims against numerous defendants in three different facilities at different times may result in juror confusion or spillover prejudice.

*Transfer*

"Where certain claims are properly severed, the result is that there are then two or more separate 'actions', and the district court may, pursuant to §1404(a), transfer certain of such separate actions while retaining jurisdiction of others." *Wyndham Assocs. v. Bintliff*, 398 F.2d 614, 618 (2d Cir. 1968). Section 1404(a) provides that, in the interest of justice and for the convenience of the parties, "a district court may transfer any civil action to any other district or division where it may have been brought." 28 U.S.C. §1404(a). Section 1391(b) of Title 28 of the United States Code explains that a civil action not founded solely on diversity jurisdiction may be brought in: "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which

a substantial part of the event or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. §1391(b). For purposes of venue, "public officials reside in the district in which they perform their official duties." *Pierce v. Coughlin*, 806 F. Supp. 426, 427 (SDNY 1992). Further, the "location and convenience of witnesses is an important factor in deciding whether to transfer a case." *Bossom v. Buena Cepa Wines*, LLC, 11 CV 6890, 2011 U.S. Dist. LEXIS 142728, *4 (SDNY Dec. 12, 2011); *accord Ford Motor Co. v. Ryan*, 182 F.2d 329, 331 (2d Cir. 1950).

After severing the claims against the Clinton and Great Meadow defendants from the claims against the Five Points defendants, the Western District of New York is no longer the proper venue for the severed claims. Clinton and Great Meadow are located in the Northern District of New York, and all of the events giving rise to the allegations against the Clinton and Great Meadow defendants occurred there. The Clinton and Great Meadow defendants perform their duties in the Northern District and therefore are deemed to reside there. The majority of the witnesses, documents and evidence is located in the Northern District. Moreover, since plaintiff is currently incarcerated in Beaumont, Texas, the Western District is no more a convenient forum from plaintiff's perspective than the Northern District. Thus, the claims against the Great Meadow and Clinton defendants are transferred to the Northern District of New York. *See Reid*, 2010 U.S. Dist. LEXIS 50102, *30-32 (WDNY March 11, 2010) (recommending transfer of plaintiff's claims arising from his incarceration at prisons located in the Northern District of New York because "the Court is sensitive to the burden, upon both the individuals and

the taxpayers of New York, of requiring individuals who reside in the Northern District of New York to travel to the Western District to defend against allegations which occurred in the Northern District of New York"); *Tafari v. Annetts*, 06 Civ. 11360, 2007 U.S. Dist. LEXIS 76017, *29-30 (SDNY Oct. 15, 2007) ("Generally, it will be more convenient and more efficient if claims in this complaint and [p]laintiff's multiple other pending complaints relating to the Northern District of New York are handled by a Judge in the Northern District, and [plaintiff's] claims relating to the Western District are handled by a Judge in the Western District."); *Melendez v. Wilson*, 04 Civ. 0073, 2006 U.S. Dis. LEXIS 65212, *30-32 (SDNY Sept. 12, 2006) ("[W]here the claims arising out of incidents occurring at Upstate are distinct from those arising out of incidents at Sing Sing, venue was found to be improper as to the Upstate defendants and those claims were severed from the remainder of the action and transferred to the Northern District of New York.").

## CONCLUSION

For the foregoing reasons, defendants' motion to sever and transfer venue is granted. (Dkt. No. 62). All of the claims in the complaint as to defendants Goodman, Gleason, Sloan, Ives, Washer, Jackson, Quinn, Mrs. Brown, Gilani, Lee, Bombardier, Bergren, Waldron, Lancto, Lavalley, Lucia, S. Brown and Bosco are severed from the remainder of the complaint and transferred to the Northern District of New York. The parties are to appear before the Court on May 7, 2018 at 11:00 a.m. for a status conference and to discuss a revised Case Management Order with respect to the remaining claims. The Attorney General is to contact the plaintiff's correctional facility and arrange for plaintiff to have access to a telephone and plaintiff's legal papers at that

time. The Attorney General is to contact the Court prior to the conference with the telephone number and extension of the plaintiff. The Court will initiate the call.

**SO ORDERED**.

Dated:     April 6, 2018
           Buffalo, New York

*/s/ Michael J. Roemer*
MICHAEL J. ROEMER
United States Magistrate Judge