IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

ABDUL ALI KARIM-RASHID, a/k/a Vincent
Delgado, a/k/a Anthony Salgado,
formerly known as Antonio Salgado, Jr.,

                              Plaintiff,          Civil Action No.
                                                  9:18-CV-495 (TJM/DEP)

            v.

T. LaVALLEY, et al.,

                              Defendants.

_____

APPEARANCES:                              OF COUNSEL:

FOR PLAINTIFF:

ABDUL ALI KARIM-RASHID, *Pro se*
602 Koala Court
Kissimmee, Florida 34759

FOR DEFENDANTS:

HON. BARBARA UNDERWOOD              MICHAEL G. McCARTIN, ESQ.
New York State Attorney General    Assistant Attorney General
The Capitol
Albany, NY 12224

DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

## REPORT AND RECOMMENDATION

This is a civil rights action brought pursuant to 42 U.S.C. § 1983 by *pro se* plaintiff Abdul Ali Karim-Rashid, a former New York State prison inmate, against various defendants employed by the New York State Department of Corrections and Community Supervision ("DOCCS") during the relevant time periods while plaintiff was incarcerated at the Five Points Correctional Facility ("Five Points"), the Great Meadow Correctional Facility ("Great Meadow"), and the Clinton Correctional Facility ("Clinton"). The case was originally commenced on November 12, 2013, in the United States District Court for the Western District of New York, but certain of his claims were subsequently severed from the remainder of plaintiff's complaint and transferred to this district on April 24, 2018.[1] Dkt. Nos. 67, 68.

---

[1]   At the time portions of this case was transferred to this district, the docket sheet from the Western District of New York in connection with *Antonio Salgado, Jr. v. B. Fischer, et al.,* 1:13-CV-01108 (RJA/MJR), identified plaintiff as Antonio Salgado, Jr. and reflected that he was housed at the Jefferson County Correctional Facility ("Jefferson County") in Beaumont, Texas. According to the Jefferson County inmate locator website, however, plaintiff is identified as Abdul Ali Karim-Rashid, DIN# 34037. As a former New York State prison inmate, the DOCCS inmate locator website also identifies plaintiff as Abdul Ali Karim-Rashid with a DIN #09-A-1863. On July 11, 2018, a text order was issued by this court directing the clerk to modify the docket sheet to reflect plaintiff's name as Abdul Ali Karim-Rashid, formerly known as Antonio Salgado, Jr., and also known as Vincent Delgado and Anthony Salgado.

During the course of pretrial discovery, defendants sent plaintiff a notice directing him to appear for deposition. While acknowledging receipt of the notice, plaintiff failed to appear as directed, stating that he did not have the funds to travel from Florida, where he currently resides, to Albany, New York for deposition. Based upon plaintiff's failure to appear, as directed by the court and requested by defendants, defendants now seek dismissal of plaintiff's complaint. For the reasons set forth below, I recommend that the motion be granted.

I.    <u>BACKGROUND</u>

Plaintiff commenced this action on or about November 12, 2013, in the United States District Court for the Western District of New York. Dkt. No. 1. Magistrate Judge Michael J. Roemer subsequently parsed out certain of plaintiff's claims that arose while he was confined to facilities located in this district, and transferred those causes of action to this district by decision and order issued on April 6, 2018. Dkt. No. 67. In his complaint, as amended on September 15, 2016, insofar as is relevant to the matters pending in this court, plaintiff asserts claims of excessive force, retaliation, religious discrimination, and deliberate indifference to his medical needs by various defendants employed by the DOCCS during the

relevant time periods where plaintiff was confined at Five Points, Great Meadow, and Clinton. Dkt. No. 42.

On June 15, 2018, the court issued a mandatory pretrial discovery and scheduling order imposing certain obligations on the parties in connection with the action, including to require the exchange of mandatory disclosures. Dkt. No. 70. According to the court's records, the order was originally sent to plaintiff at the U.S. Penitentiary in Beaumont, Texas, but was returned as undeliverable. Dkt. No. 72. When it was discovered by the court that plaintiff was housed in the Jefferson County Correctional Facility, located in Beaumont, Texas, copies of the docket sheet and the mandatory pretrial discovery and scheduling order were mailed to the plaintiff at that facility.[2] *Id*.

On November 8, 2018, defendants' counsel mailed a notice to the plaintiff scheduling his deposition for November 27, 2018. Dkt. No. 79. According to that notice, the deposition was to be held at the Justice

_____

[2]     It appears that plaintiff was subsequently released from the Jefferson County Correctional Facility and into the Green Haven Correctional Facility, and he notified the court on September 24, 2018 of that change of address. Dkt. No. 75. According to DOCCS records, however, plaintiff was released from DOCCS custody on or about October 4, 2018, but failed to notify the court and defendants' counsel of that fact of his new address. Dkt. No. 77. The court, however, after reviewing the docket sheet associated with plaintiff's related action in the Western District of New York, determined that plaintiff now resides at 602 Koala Court, Kissimmee, Florida 34759, and modified its records to reflect that change. *Id*.

Building/Robert Abrams Building for Law and Justice in Albany, New York beginning at 10:00 a.m. on that date. Dkt. No. 79-2 at 2. Because defendants' counsel, Michael G. McCartin, Esq., was not provided with a telephone number for plaintiff, he was unable to contact him in advance of the deposition to ensure that it would go forward as scheduled. Dkt. No. 79-1 at 1. Twenty minutes prior to the time the deposition was scheduled to begin, plaintiff telephoned Attorney McCartin to notify him that he would not be appearing for his deposition. *Id.* By the time that notice was provided, the court reporter scheduled by Attorney McCartin had already arrived, paid for parking, and set up her equipment in preparation for the deposition.[3] *Id.* During that telephone conference, plaintiff admitted that he had no good excuse for failing to contact Attorney McCartin about the deposition at an earlier time, and claimed that he was financially unable to travel from Florida to appear for his deposition. *Id*. at 1-2.

On November 27, 2018, defendants moved for dismissal of plaintiff's complaint in this action as a sanction for failing to appear for his deposition or, in the alternative, for an order compelling him to pay the appearance

---

[3]    As a result of the plaintiff's failure to appear defendants' counsel was billed a "no show" fee of $77.80 by the court reporter. Dkt. No. 81.

fee of the court reporter. Dkt. No. 79. Plaintiff has not responded to defendants' motion.

II.   <u>DISCUSSION</u>

The failure of a party to appear for a properly noticed deposition implicates two separate provisions of Rule 37 of the Federal Rules of Civil Procedure. Rule 37(b)(2) provides for a range of sanctions available to a court in the event of a failure to obey a discovery order. Fed. R. Civ. P. 37(b)(2); *S.E.C. v. Razmilovic*, 738 F.3d 14, 24 (2d Cir. 2013). Among those available sanctions is dismissal of an action, in whole or in part. Fed. R. Civ. P. 37(b)(2)(A)(v); *Razmilovic*, 738 F.3d at 24. In addition, Rule 37(d) permits the court to issue appropriate sanctions based upon the failure of a party to appear for deposition after being served with a proper notice. Fed. R. Civ. P. 37(d)(1)(A); *see Dixon v. Albany Cnty. Bd. of Elections*, No. 08-CV-0502, 2010 WL 1171225, at *2 (N.D.N.Y. Feb. 18, 2010) (Homer, M.J.), *report and recommendation adopted by* 2010 WL 1171483 (N.D.N.Y. Mar. 22, 2010) (Sharpe, J.), ("Rule 37(d) authorizes the same range of sanctions [offered in Rule 37(b)] against a party for failing to attend his or her deposition.").

The most severe sanctions permitted by Rule 37 for a disobedient party are the dismissal his claims or the entry of default; those sanctions

6

should be ordered "only when the district judge has considered lesser

alternatives." *S. New England Tel. Co. v. Global NAPs Inc.* ("*SNET*"), 624

F.3d 123, 144 (2d Cir. 2010). In *SNET*, the Second Circuit advised as

follows concerning the imposition of sanctions:

> [S]everal factors may be useful in evaluating a
> district court's exercise of discretion to impose
> sanctions pursuant to this rule, including (1) the
> willfulness of the non-compliant party or the reason
> for noncompliance; (2) the efficacy of lesser
> sanctions; (3) the duration of the period of
> noncompliance; and (4) whether the non-compliant
> party had been warned of the consequences of
> noncompliance.

*Id.* (quotation marks and alterations omitted). District courts have "wide

discretion in imposing sanctions under rule 37," and the factors listed

above are not exclusive. *Shcherbakovskiy v. Da Capo Al Fine, Ltd.*, 490

F.3d 130, 135 (2d Cir. 2007); *accord, Razmilovic*, 738 F.3d at 25.

     In addition to Rule 37, defendants' motion invokes Rule 41(b) of the

Federal Rules of Civil Procedure, which provides that a court may, in its

discretion, order dismissal of an action based on a plaintiff's failure to

prosecute or comply with an order of the court. Fed. R. Civ. P. 41(b);

*Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014); *Rodriguez v.

Goord*, No. 04-CV-0358, 2007 WL 4246443, at *2 (N.D.N.Y. Nov. 27,

2007) (Scullin, J. *adopting report and recommendation by* Lowe, M.J.).

7

That discretion should be exercised when necessary to "achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962); *see also Baptiste*, 768 F.3d at 217 (reiterating that dismissals pursuant to Rule 41(b) "are 'the harshest of sanctions' " (quoting *Mitchell v. Lyons Prof'l Servs., Inc.*, 708 F.3d 463, 467 (2d Cir. 2013)).

A determination of whether to dismiss an action pursuant to Rule 41(b) involves consideration of five specific factors, including (1) the duration of plaintiff's failure to comply with court orders; (2) whether plaintiff was on notice that failure to comply would result in dismissal; (3) whether defendant is likely to be prejudiced by further delay in the proceedings; (4) a balancing of the court's interest in managing its docket with plaintiff's interest in receiving a fair chance to be heard; and (5) whether the judge has adequately considered a sanction less drastic than dismissal. *Baptiste*, 768 F.3d at 216; *see also Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 193 (2d Cir. 1999) (applying factors in a failure to prosecute action); *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) (applying factors where a party failed to comply with order of court). "No single factor is generally dispositive." *Nita v. Conn. Dep't of Envtl. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994).

I have carefully evaluated the relevant controlling factors and find that they weigh in favor of dismissal in this case. Although the claims now at issue were only transferred to this court relatively recently, they have been pending for over five years since plaintiff commenced suit in the Western District of New York on or about November 12, 2013. Dkt. No. 1. As time passes, it is likely that critical witnesses become unavailable, and memories of the events fade.

In the court's mandatory pretrial discovery and scheduling order, plaintiff was reminded of his obligation to appear for a properly noticed deposition. Dkt. No. 70 at 4. That order further provided, in relevant part, as follows:

> The failure of the plaintiff(s) to attend, be sworn, and answer appropriate questions may result in sanctions, including dismissal of the action pursuant to Fed.R.Civ.P. 37.

*Id.*

In this instance, there is no question that plaintiff received the notice requiring him to appear for deposition on November 27, 2018. Plaintiff failed, however, to appear, asserting lack of funds as his only excuse for that failure. It therefore appears clear that (1) the plaintiff has failed to comply with the court's mandatory pretrial discovery and scheduling order; (2) he was on notice that his failure to comply could result in dismissal; (3)

9

defendants are likely to be prejudiced by further delay in these proceedings, which involve extremely stale claims; (4) the court's interest in managing this docket weighs in favor of dismissal; and (5) no lesser sanctions than dismissal would be appropriate in this instance. Accordingly, I recommend that plaintiff's complaint in this action be dismissed.

III.    <u>SUMMARY AND RECOMMENDATION</u>

Plaintiff's disinterest in pursuing his claims in his action has been adequately demonstrated both upon his failure to notify the court of his new Florida address, requiring the court instead to conduct its own research into the matter, and his failure to appear for deposition pursuant to a proper notice from the defendants and the court's Rule 16 mandatory pretrial discovery and scheduling order. Plaintiff's complaint in this action is therefore subject to dismissal pursuant to Rules 37 and 41 of the Federal Rules of Civil Procedure.

Accordingly, it is hereby respectfully

RECOMMENDED that defendants' motion for sanctions (Dkt. No. 79) be GRANTED, and that plaintiff's amended complaint (Dkt. No. 42) in this action be DISMISSED in its entirety, with prejudice.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report.[4] FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

It is hereby ORDERED that the clerk of the court serve a copy of this report and recommendation upon the parties in accordance with this court's local rules.

David E. Peebles
U.S. Magistrate Judge

Dated:     December 20, 2018
           Syracuse, New York

---

[4]    If you are proceeding *pro se* and are served with this report and recommendation by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the report and recommendation was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(C).